O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHARI LUCAS, | ) | CASE NO. CV 07-04550 (RZ) |
|             Plaintiff, | ) ) | |
|        vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
|             Defendant. | ) ) | |

        The essential question posed by this action is whether Plaintiff had a severe mental impairment during the period she was covered by Social Security insurance. The Commissioner misstates the applicable standard when he says that "[a]n impairment is severe only if it would significantly limit Plaintiff's ability to perform basic work-related activities. 20 C.F.R. § 404.1521(a) (2007)." Memorandum in Support of Defendant's Answer 2:26-3:1. In fact, the regulation states that "[a]n impairment . . . is *not* severe if it does *not* significantly limit your physical or mental ability to do basic work activities." (emphasis added). Thus, the regulations do not require a significant limitation on the ability to perform work-related activities, as the Commissioner states. Instead, they state what a *non*-severe impairment is: one that does *not* significantly limit physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521. The basic work activities are "the abilities and aptitudes necessary to do most jobs," including various physical and

mental activities. *Id.* The requirement of having a severe impairment performs a gatekeeping function, screening out frivolous complaints. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). In its internal procedures, the Social Security Administration assesses an impairment as "non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions. SSR 85-28. This minimalist treatment has received the Courts' imprimatur. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Thus, the requirement that a claimant have a severe impairment means that the impairment simply must have more than a minimal effect on the claimant's ability to do basic work functions. When the Commissioner rests his decision on the failure to satisfy the severity requirement, that decision, as with any other, must rest on substantial evidence within the record. *Smolen v. Chater, supra,* 80 F.3d at 1289-90.

The last date that Plaintiff was insured was June 30, 2002. She saw a psychiatrist after that date and, among other things, he opined that Plaintiff had a psychiatric disorder that pre-dated June 30, 2002. [AR 54; *see also* AR 57-62] The Administrative Law Judge was wrong in not giving this opinion sufficient credit to establish a severe mental impairment. To begin with, the fact that the opinion was rendered after the period of insurance terminated does not disqualify it. The Ninth Circuit has ruled that "reports containing observations made after the period for disability are relevant to assess the claimant's disability." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988), *citing Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975); *see also McNabb v. Barnhart*, 340 F.3d 943 (9th Cir. 2003).

The Administrative Law Judge also said that (1) the bulk of the entries on the psychiatrist's notes concerned matters which occurred much earlier, during much of which Plaintiff was employed; and (2) that, although Plaintiff was taking Prozac, she had not sought specialized treatment until October 2002, which suggested "at least on a subjective basis, that there might have been some deterioration at that time. [AR 30] These points might be more pertinent to a determination of disability *vel non* rather than to the

determination of whether Plaintiff had a severe impairment. Thus, it certainly would not be uncommon for psychiatric disorders to have deep roots, and for those to materialize at some times, but not at others. Moreover, Plaintiff was prescribed Prozac by *someone* prior to her visit to the psychiatrist; and the fact that an appointment in October 2002 does not mean that Plaintiff did not "seek" such specialized treatment prior to then (sometimes, even getting an appointment takes a considerable period of time). Furthermore, as the Administrative Law Judge noted, the psychiatrist changed the medications Plaintiff was taking, itself an indication that the medication was not working completely.

The Administrative Law Judge also focused on the lack of "objective abnormalities," but this is not a sufficient basis to gainsay the treating physician's opinion. The Ninth Circuit has made clear that "[d]isability may be proved by medically- acceptable clinical diagnoses, as well as by objective laboratory findings." *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985), *citing Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975). The Administrative Law Judge appears to have substituted her opinion for that of a medical professional; this the cases do not allow. *Day, supra.*

Since the Administrative Law Judge did not find a severe mental impairment, she did not proceed through the sequential analysis either as to that impairment, or as to the combined effect of the physical and mental impairments. The case therefore is remanded to the Commissioner. On remand, the severity of the mental impairments shall be taken as established, and the Commissioner shall proceed to adjudicate the matter. In light of this disposition, this Court need not evaluate, at this time, Plaintiff's argument that the Commissioner erroneously assessed Plaintiff's credibility.

IT IS SO ORDERED.

DATED: March 5, 2008

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE